

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# Harvey v. Dept Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2206

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Harvey v. Dept Homeland" (2008). *2008 Decisions.* Paper 1662.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1662

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2206
_____

CECIL O. HARVEY,
                                            Appellant

v.

*MICHAEL CHERTOFF, Head of Homeland Security;
HOMELAND SECURITY, formerly INS; EARL MCELROY,
District Director NY; RODRIGUEZ, Mr., Chief Detention Officer;
FEDERAL PUBLIC HEALTH DEPT, Washington DC; URINA,
Officer on site; BERGEN COUNTY JAIL, Acting Warden Duffy;
PECORARO, Lt. Sheriff's Department Bergen County (in charge
of INS detainees); MEDICAL DEPARTMENT, Bergen County
Jail; NUR. CHANG, Dr. Medical Dept. Bergen County Jail

v.

CORRECTIONAL HEALTH SERVICES, LLC,
                                            Third Party Defendant

*(Pursuant to Rule 43(c), F.R.A.P.)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 04-cv-01221)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2007

Before: MCKEE, SMITH and CHAGARES, Circuit Judges

(Opinion filed: January 30, 2008)

_____

OPINION
_____


PER CURIAM

Appellant Cecil O. Harvey, a native and citizen of Barbados, was out on bail pending New York state criminal charges in June 2003 when he fell from a ladder, injuring his neck and back. On January 13, 2004, Harvey was taken into immigration custody by the Department of Homeland Security ("DHS") pursuant to removal proceedings. He was subsequently detained at the Bergen County jail, which contracts with DHS to house immigration detainees. Harvey filed suit in United States District Court for the Eastern District of New York under 42 U.S.C. § 1983, alleging that he had been deprived of his constitutional right to be free from cruel and inhuman treatment while detained at the Bergen County jail from January 16, 2004 to September 25, 2004, and had received negligent care for pre-existing injuries that caused severe pain in his neck, back, leg, foot and spine.[1] Harvey sought money damages in the amount of $15 million.

The matter was transferred to the District of New Jersey, and discovery ensued. Harvey was deposed, and Dr. Andrew Harrison, an orthopedic surgeon, also was

_____

[1] Harvey later abandoned his common law negligence claim in favor of his constitutional claim of deliberate indifference, and the claim was dismissed by the District Court. See District Court Order, Docket Entry No. 104, filed February 8, 2006.

deposed.[2] The District Court granted Harvey counsel for the limited purpose of assisting him with discovery. Appointed counsel was present at the deposition of Dr. Harrison. The Magistrate Judge authorized funds for Harvey to retain an expert. Although counsel consulted with an expert, no report was produced and the expert was not disclosed. All defendants moved for summary judgment, which Harvey opposed in writing. The District Court granted the motions in an order entered on February 28, 2007. Observing first that, with respect to the federal defendants, allegations of constitutional violations under color of federal law are properly brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the court held that Harvey either had not alleged any personal involvement on the part of the defendants as required to state a cause of action for a violation of his constitutional rights, Rode v. Dellaciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), or his suit was precluded by the doctrine of sovereign immunity, Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

The District Court further concluded that no reasonable fact-finder could find that either the Bergen County defendants or Dr. Michael P. Chang acted with deliberate indifference to Harvey's medical needs. He was immediately assigned upon his arrival to a first-tier cell with a lower bunk placement in light of his reported difficulty moving

---

[2] Harvey was transferred on September 25, 2004 to the Monmouth County jail, where his immigration detention continued, and there he was evaluated by Dr. Harrison on July 25, 2005.

3

around. He had an MRI of his brain and spine on March 8, 2004, and, following a diagnosis of a herniated disc at C3-4, he underwent orthopedic and neurological evaluations at private, off-site hospitals, and received physical therapy and medication for his neck pain. He had a second MRI of the brain and spine in July 2004. He received treatment for his hypertension, tests to rule out stroke, and x-rays were taken of his knees in July 2004 and of his left foot and ankle in September 2004. Harvey's belief that he could have received better or different treatment was inadequate to satisfy his burden under the relevant law and Rule 56. Dr. Chang repeatedly sought authorization for Harvey to receive services from outside providers,[3] and his choice to treat Harvey's herniated cervical disc conservatively was not evidence of deliberate indifference. At best, Harvey's assertions amounted to allegations of negligent care, which have no constitutional significance.[4] Harvey appeals.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary and we must affirm if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of

---

[3] Pursuant to an interagency agreement, the Division of Immigration Health Services ("DIHS") serves as the medical authority for DHS and provides health-related services to undocumented aliens detained at various locations by DHS. DIHS administers a managed care network. Service Providers, in this case the Bergen County jail and Dr. Chang, must obtain pre-approval for all non-routine and emergent medical care by soliciting the request in writing.

[4] The District Court also granted summary judgment to third-party defendant Correctional Health Services on the Bergen County defendants' claims for contribution and indemnification.

law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. Pro. 56(c).

Federal Rule of Civil Procedure 56(e), concerning the requirements for opposing a

motion for summary judgment, provides that Harvey, as an adverse party, "may not rest

upon the mere allegations or denials of [his] pleading, but [his] response, by affidavits or

as otherwise provided in this rule, must set forth specific facts showing that there is a

genuine issue for trial."

Harvey's status as an immigration detainee is akin to that of a pretrial detainee.

Pretrial detainees are entitled to the protections of the Due Process clause.  Hubbard v.

Taylor, 399 F.3d 150, 157-58 (3d Cir. 2005) (punishment imposed prior to adjudication

of guilt is unconstitutional but, absent showing of intent to punish, condition or restriction

need only be reasonably related to legitimate goal).  We previously have found it

constitutionally adequate to analyze pretrial detainees' claims of inadequate medical care

under the familiar deliberate indifference standard, see Natale v. Camden County

Correctional Facility, 318 F.3d 575, 581-82 (3d Cir. 2003), and we do so here as well.  To

act with deliberate indifference to serious medical needs, Estelle v. Gamble, 429 U.S. 97,

104-05 (1976), is to recklessly disregard a substantial risk of serious harm.  Farmer v.

Brennan, 511 U.S. 825, 836 (1994).  Because the standard is recklessness, "prison

officials who actually knew of a substantial risk to inmate health or safety may be found

free from liability if they responded reasonably to the risk, even if the harm ultimately

was not averted."  Id. at 844.

We do not recount the facts and history of this case, which are well-known to the

5

parties. The Opinion of the District Court is thorough and well-reasoned, and we readily affirm the judgment of the District Court in full. Summary judgment was proper because there was an insufficient evidentiary basis on which a reasonable jury could find in Harvey's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Although Harvey has a herniated disc at C3-4 and neck pain, Dr. Harrison testified that Harvey had exhausted his treatment options and neither further physical therapy nor surgery was warranted for what was essentially a static, chronic condition. Supp. App., Volume Two (Bergen County Appellees), at 387-402. On the other hand, Harvey's deposition testimony reveals that he is really asserting a disagreement as to his treatment, which is not sufficient to establish a constitutional violation. See Durmer v. Carroll, 991 F.2d 64, 67 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). Moreover, his allegations of intentional delay in providing treatment, see Estelle, 429 U.S. at 104 (intentionally delaying access to care constitutes deliberate indifference), either are refuted by the record or established by Dr. Harrison's testimony not to have had an adverse effect on his condition.

Harvey has attached to his Informal Brief on appeal the results of an MRI of his cervical spine dated April 3, 2006, and the results of an MRI of his lumbosacral spine dated May 17, 2006, which indicate that he has chronic compression fractures at C5-6. He asserts that these items establish a failure to diagnose a broken neck that has left him permanently disabled. He also has attached the results of an MRI of his right knee dated June 8, 2006, showing severe knee problems, which he claims went untreated. He asserts

6

that this evidence was not addressed by the District Court, and it satisfies his obligation to set forth specific facts showing that there is a genuine issue for trial, Fed. R. Civ. Pro. 56(e). We disagree. Harvey discussed the results presented in these reports in his written opposition to the defendants' motions for summary judgment (Docket Entry No. 126, filed 12/26/06), which the District Court stated it took into consideration.

Furthermore, the 2006 reports themselves are not relevant to any claim of deliberate indifference to medical need that occurred between January 16, 2004 and September 25, 2004. To the extent that they may lend support to a claim of negligent diagnosis or other circumstances that amount to medical malpractice, they do not suffice to state a constitutional claim under 42 U.S.C. § 1983, and, therefore, do not establish the need for a trial, Anderson, 477 U.S. at 249-50. The record shows that an MRI from March 8, 2004 indicated annular disc bulges from C4-5 through C6-7, but it did not show compression fractures, Supp. App., Volume Two (Appellees Dr. Chang, et al.), at 160-61, and x-rays taken of both knees on July 16, 2004 were normal, id. at 164. The question whether additional diagnostic tests are indicated is a "classic example of a matter for medical judgment," Estelle, 429 U.S. at 107. See also Durmer, 991 F.2d at 67.

We will affirm the order of the District Court granting summary judgment to the defendants.